In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-8042

CUNNINGHAM CHARTER CORPORATION,

*Plaintiff-Respondent,*

*v.*

LEARJET, INC.,

*Defendant-Petitioner.*

Petition for Leave to Appeal
from the United States District Court
for the Southern District of Illinois.
No. 07-cv-233-DRH—**David R. Herndon**, *Chief Judge*.

SUBMITTED NOVEMBER 13, 2009—DECIDED JANUARY 22, 2010

Before POSNER, COFFEY, and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*. Cunningham Charter Corporation sued Learjet, Inc. in an Illinois state court asserting claims for breach of warranty and products liability on behalf of itself and all other buyers of Learjets who had received the same warranty from the manufacturer that Cunningham had received. The defendant removed the case to federal district court under the Class Action

Fairness Act of 2005, 28 U.S.C. § 1332(d), and the plaintiff then moved to certify two classes. The district judge denied the motion on the ground that neither proposed class satisfied the criteria for certification set forth in Rule 23 of the Federal Rules of Civil Procedure. The judge then ruled that the denial of class certification eliminated subject-matter jurisdiction under the Act, and so he remanded the case to the state court. Learjet petitioned for leave to appeal the order of remand. 28 U.S.C. § 1453(c). We granted the petition in order to resolve an issue under the Class Action Fairness Act that this court has not heretofore had to resolve.

The Act creates federal diversity jurisdiction over certain class actions in which at least one member of the class is a citizen of a different state from any defendant (that is, in which diversity may not be complete). 28 U.S.C. § 1332(d)(2). The Act defines class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." § 1332(d)(1)(B).

A later section says the Act applies "to any class action [within the Act's scope] before or after the entry of a class certification order." § 1332(d)(8). Probably all this means is that the defendant can wait until a class is certified before deciding whether to remove the case to federal court. If (d)(8) said "the" instead of "a" class certification order, it might be thought to imply that the Act was limited to cases in which such an order was eventually issued. But that would be inconsistent with (d)(1)(B), the section quoted above that

defines class action as a suit filed under a statute or rule authorizing class actions, even though many such suits cannot be maintained as class actions because the judge refuses to certify a class. As actually worded, (d)(8), insofar as it relates to jurisdiction at all (it doesn't mention the word—the conferral of jurisdiction is limited to (d)(2)), implies at most an expectation that a class will or at least may be certified eventually. The absence of such an expectation could mean that the suit was not within the jurisdiction conferred by the Class Action Fairness Act—that it wasn't really a class action. Frivolous attempts to invoke federal jurisdiction fail, and compel dismissal. If a plaintiff sued in state court a seller of fish tanks on behalf of himself and 1,000 goldfish for $5,000,001 and the defendant removed the case to federal district court, that court would have to dismiss the case, as it would have been certain from the outset of the litigation that no class could be certified.

Another section of the Act defines "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." § 1332(d)(1)(C). Read in isolation from the rest of the Act, this could mean that in the absence of such an order a suit is not a class action. But remember that jurisdiction attaches when a suit is *filed* as a class action, and that invariably precedes certification. All that section 1332(d)(1)(C) means is that a suit filed as a class action cannot be *maintained* as one without an order certifying the class. That needn't imply that unless the class is certified the court loses jurisdiction of the case.

We assumed in *Bullard v. Burlington Northern Santa Fe Ry.*, 535 F.3d 759, 762 (7th Cir. 2008), that federal jurisdiction under the Class Action Fairness Act does not depend on certification, and we now join *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009), in so holding. Cf. *In re TJX Companies Retail Security Breach Litigation*, 564 F.3d 489, 492-93 (1st Cir. 2009). That is the better interpretation, see G. Shaun Richardson, "Class Dismissed, Now What? Exploring the Exercise of CAFA Jurisdiction After the Denial of Class Certification," 39 *New Mex. L. Rev.* 121, 135 (2009); Kevin M. Clermont, "Jurisdictional Fact," 91 *Cornell L. Rev.* 973, 1015-17 (2006)—and not only as a matter of semantics. For if a state happened to have different criteria for certifying a class from those of Rule 23, the result of a remand because of the federal court's refusal to certify the class could be that the case would continue as a class action in state court. That result would be contrary to the Act's purpose of relaxing the requirement of complete diversity of citizenship so that class actions involving incomplete diversity can be litigated in federal court.

Our conclusion vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed, such as a change in the state of which a party is a citizen that destroys diversity. E.g., *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293-95 (1938); *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992) (per curiam). The general principle is applicable to this case because no one suggests that a class action must be certified *before* it can be removed to federal court under the Act; section 1332(d)(8) scotches any such inference.

There are, it is true, exceptions to the principle that once jurisdiction, always jurisdiction, notably where a case becomes moot in the course of the litigation. See *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998). Or, if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed. *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). And likewise if after the case is filed it is discovered that there was no jurisdiction at the outset, *id*. at 473—not that this is really an exception to the principle that jurisdiction, once it attaches, sticks; it is a case in which there never was federal jurisdiction.

These points are applicable to the Class Action Fairness Act, Clermont, *supra*, 91 *Cornell L. Rev*. at 1016-17, but inapplicable to the present case. Although the district court found "a number of fatal flaws" in the plaintiff's motion for class certification, they are not so obviously fatal as to make the plaintiff's attempt to maintain the suit as a class action frivolous. Behind the principle that jurisdiction once obtained normally is secure is a desire to minimize expense and delay. If at all possible, therefore, a case should stay in the system that first acquired jurisdiction. It should not be shunted between court systems; litigation is not ping-pong. (This consideration cuts against the proposal in Richardson, *supra*, 39 *New Mex. L. Rev*. at 141-47, that having declined to certify a class the federal court should abstain in favor of the state courts; that would be the equivalent of returning the case to the state court in which it had originated.) An even more important consideration is that the

policy behind the Class Action Fairness Act would be thwarted if because of a remand a suit that was within the scope of the Act by virtue of having been filed as a class action ended up being litigated as a class action in state court.

The judgment of the district court is reversed and the case remanded to that court for further proceedings consistent with this opinion.