**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STEEL, PAPER & FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL & SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO, CLC, on behalf of its
members employed by defendants;
RICHARD FLOYD, individually and
on behalf of all similarly situated
current and former employees; and
EDUARDO CARBAJAL, individually
and on behalf of all similarly
situated current and former
employees,
        *Plaintiffs-Appellees,*

        v.

SHELL OIL COMPANY; EQUILON
ENTERPRISES LLC, dba Shell Oil
Products US; and TESORO REFINING
AND MARKETING COMPANY,
        *Defendants-Appellants.*

No. 10-55269

D.C. No.
2:08-cv-03693-
RGK-3

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
April 7, 2010—Pasadena, California

Filed April 21, 2010

Before: Ferdinand F. Fernandez, Barry G. Silverman, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Silverman

## COUNSEL

Timothy M. Rusche, Seyfarth Shaw LLP, Los Angeles, California; and Deanna L. Ballesteros and Angel Gomez, Epstein Becker & Green, P.C., Los Angeles, California, for the defendants-appellants.

Robert A. Cantore, Gilbert & Sackman, Los Angeles, California, for the plaintiffs-appellees.

## OPINION

SILVERMAN, Circuit Judge:

Defendants removed this putative class action from state court pursuant to the Class Action Fairness Act of 2005

(CAFA),[1] 28 U.S.C. §§ 1332(d), 1453. After denying class certification, the district court concluded that it no longer had jurisdiction and remanded the case to state court. We accepted defendants' appeal to consider whether the denial of class certification divests federal courts of jurisdiction over cases removed under § 1332(d). Today we join the Seventh and Eleventh Circuits in holding that it does not. If the putative class action was properly removed to begin with, the subsequent denial of Rule 23 class certification does not divest the district court of jurisdiction. The case remains removed and is not to be remanded to state court.

## Procedural Background

Plaintiffs United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC (USW), Richard Floyd, and Eduardo Carbajal filed their class action against Shell Oil Company, Equilon Enterprises LLC, and Tesoro Refining and Marketing Company in California state court. The complaint asserts that defendants' oil refineries violated California Business & Professions Code § 17200 and failed to provide meal periods, rest periods, timely and accurate wage statements, and wages due at the time of termination in violation of California Labor Code §§ 201, 201.7, 202, 203, 226, 226.3, 226.7, and 512.

The defendants removed the case to federal court, asserting jurisdiction under 28 U.S.C. § 1332(d)(2):

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

---

[1]Pub. L. No. 109-2, §§ 4-5, 119 Stat. 4, 9-13 (2005).

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Section 1332(d)(1)(B) defines "class action" as

> any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]

Section 1332(d)(8) states:

> This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action[.]

Section 1332(d)(1)(C) defines "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action."

Putative class actions satisfying the class action definition and the numerosity requirement of § 1332(d)(5)(B)[2] may be removed to federal court under 28 U.S.C. § 1446. *See* 28

---

[2]The number of members of all proposed plaintiff classes in the aggregate must be at least 100.

U.S.C. § 1453(a), (b). In our case, the putative class action that plaintiffs filed in state court satisfied § 1332(d)'s numerosity and aggregated amount-in-controversy requirements. Accordingly, Plaintiffs could have brought the action in federal court. Defendants therefore were within their rights to remove the case to federal court pursuant to § 1453. Up to this point, everyone agrees.

After removal, plaintiffs sought certification of two classes of employees from the three refineries owned by defendants. The district court denied certification, concluding that class resolution was not superior to other methods of adjudication, as must be found under Rule 23(b)(3) as a prerequisite to class certification. The district court reasoned that a class action would be difficult to manage and that damages would be difficult to calculate for two classes involving at least seven job titles and three refineries owned by different companies with different collective bargaining agreements.

The district court then granted plaintiffs' motion to remand, holding that the case no longer satisfied CAFA's jurisdictional requirements because there was "no reasonably foreseeable possibility" that a class action would be certified and no other basis for federal jurisdiction. The district court reasoned that a denial of class certification is not a post-removal change of a jurisdictional fact, but rather a legal conclusion that CAFA jurisdiction never existed.

Then the jurisdictional ping-pong game began. After the district court bounced the case back to state court, plaintiffs filed two *new* class actions in state court and moved to amend the remanded action, creating three separate pending putative class actions in state court. Defendants then volleyed the two new cases back to *federal* court by removing them once again, and the state court stayed the remanded action pending this appeal. Presumably, if the federal court again denies class certification, the federal cases will bounce back to state court once more, if that is what the statute bizarrely permits.

## Jurisdiction and Standards of Review

We have jurisdiction pursuant to 28 U.S.C. § 1453(c) and must "complete all action" on this appeal, "including rendering judgment, not later than 60 days after" our February 23 order, i.e., April 26, 2010. 28 U.S.C. § 1453(c)(2); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 685 (9th Cir. 2005). We review the district court's remand order de novo. *Serrano*, 478 F.3d at 1020. We also review CAFA construction and applicability de novo. *Bush*, 425 F.3d at 686.

## Discussion

**[1]** Congress passed the Class Action Fairness Act "primarily to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts." *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir.), *cert. denied*, 130 S.Ct. 187 (2009). To achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2). *Serrano*, 478 F.3d at 1020-21. CAFA also covers more than traditional class actions by providing for removal of "mass actions." *Tanoh,* 561 F.3d at 952.

**[2]** Even though CAFA indisputably creates original federal jurisdiction prior to class certification, the statute does not say whether the post-removal denial of class certification divests the federal courts of jurisdiction—or, as plaintiffs argue, whether class certification is a necessary condition to continued jurisdiction. Section 1332(d) does not explicitly require class certification for continued jurisdiction, nor does § 1453 expressly require remand after denial of class certification.

**[3]** Only the Seventh and Eleventh Circuits have squarely considered this issue, and both have held that the post-

removal denial of class certification does not divest federal courts of jurisdiction. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806-07 (7th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009).

In *Vega*, the Eleventh Circuit held that the district court abused its discretion by certifying the class, vacated the certification order, and remanded for Vega's claims to proceed as individual claims. 564 F.3d at 1279-80. In a footnote, however, the Eleventh Circuit held that the failure to show numerosity does not divest federal courts of CAFA jurisdiction. *Id.* at 1268 n.12. The court reasoned that (1) § 1332(d)(5)(B)'s jurisdictional limitation applies to "proposed" classes; (2) "jurisdictional facts are assessed *at the time of removal*"; and (3) "post-removal events [(including non- or de-certification)] do not deprive federal courts of subject matter jurisdiction." *Id.* (emphasis added).

In *Cunningham*, the Seventh Circuit followed *Vega* and reasoned that, when the statutory text is read in context, the federal jurisdictional question must be analyzed as of when the suit is *filed* as a class action, not when the class is or is not *certified*. 592 F.3d at 806. The court interpreted § 1332(d)(8)—that CAFA applies "to any class action before or after the entry of a class certification order"—to mean that a "defendant can wait [if it wants to] until a class is certified before deciding whether to remove the case to federal court" and "implies at most an expectation that a class will or at least may be certified eventually." *Id.* The court interpreted § 1332(d)(1)(C)'s corresponding definition of "class certification order" to mean only "that a suit filed as a class action cannot be *maintained*" as a class action without a certification order. *Id.*

As the court observed, the idea that a putative class action, once properly removed, stays removed,

vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed, such as a change in the state of which a party is a citizen that destroys diversity. E.g., *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293-95, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The general principle is applicable to this case because no one suggests that a class action must be certified *before* it can be removed to federal court under the Act; section 1332(d)(8) scotches any such inference.

*Id.* at 807 (citation omitted).

[4] Had Congress intended that a properly removed class action be remanded if a class is not eventually certified, it could have said so. We think it more likely that Congress intended that the usual and long-standing principles apply — post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing.[3]

## Conclusion

[5] In sum, we hold that continued jurisdiction under § 1332(d) "does not depend on certification." *Id.* at 806. If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court.

REVERSED AND REMANDED.

---

[3]We recognize, as the *Cunningham* court did, exceptions to the general rule of "once jurisdiction, always jurisdiction" — such as when a case becomes moot in the course of litigation or when there was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the start. *See* 592 F.3d at 807.