# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 09-8023

IN RE:

BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY,
BURLINGTON NORTHERN SANTA FE CORPORATION,
WILLIAM BARBEE, and FRANCIS WEBER,

*Petitioners.*

Petition for Leave to Appeal
from the United States District Court
for the Western District of Wisconsin.
No. 08-cv-469—**Barbara B. Crabb**, *Judge.*

SUBMITTED JANUARY 22, 2010—DECIDED MAY 19, 2010

Before KANNE, WOOD, and SYKES, *Circuit Judges*.

PER CURIAM. The defendants removed this class action suit to federal court under the Class Action Fairness Act ("CAFA"), but when the plaintiffs amended their complaint to omit the class allegations, the district court found jurisdiction lacking and remanded the case to state court. The defendants petitioned for leave to appeal the order of remand under 28 U.S.C. § 1453(c). We accept the appeal and reverse.

This case began when Allen Moore and other residents of Bagley, Wisconsin, acting as representatives of a class

of local property owners, filed a complaint in Wisconsin state court against Burlington Northern Santa Fe Railway Company, Burlington Northern Santa Fe Corporation, and some of its employees (collectively, "BNSF"). They alleged that BNSF's failure to inspect and maintain a railroad trestle caused the town to flood in July 2007, damaging their property.

BNSF removed the case to federal court, where the parties battled extensively over jurisdiction. BNSF first asserted that there was diversity jurisdiction, arguing that the only non-diverse defendants, two employees from Wisconsin, were joined fraudulently. The district court found the joinder tactical rather than fraudulent, but it accepted BNSF's second ground for jurisdiction: the Class Action Fairness Act, which provides federal jurisdiction over certain class action lawsuits. *See* 28 U.S.C. § 1332(d)(2), (d)(5). The plaintiffs moved to remand. After the district court denied that motion, they instead asked for leave to amend their complaint to omit the class allegations. The district court allowed the amendment, noting that it would streamline the litigation. The court also construed the plaintiffs' motion as an implied motion to remand the case, which it granted. The district court explained that its jurisdictional analysis now was based on the amended complaint, and that since the new complaint did not contain class allegations, it did not provide jurisdiction under CAFA.

BNSF filed a timely motion to reconsider. Before the district court ruled on that motion, but within 30 days of the original remand order, BNSF also filed this petition under 28 U.S.C. § 1453(c) requesting leave to appeal the

district court's order of remand. While the petition was pending, the district court granted the motion to reconsider but reiterated its decision to remand the case to state court. This court then treated BNSF's initially premature petition as timely filed, permitting BNSF to file a supplement addressing the district court's order on reconsideration and asking Moore to respond.

On reconsideration, the district court noted that there are exceptions to the general rule that removal jurisdiction is determined at the time of removal. It treated the amendment of the complaint to eliminate class allegations as analogous to the denial of class certification and explained that district courts were divided on whether the denial of class certification affects CAFA jurisdiction. *Compare, e.g.*, *Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007) (reasoning that the denial of class certification does not destroy CAFA jurisdiction because jurisdiction continues even if the parties cannot prove the jurisdictional facts alleged), *with Muehlbauer v. General Motors Corp.*, No. 05 C 2676, 2009 WL 874511, at *9-10 (N.D. Ill. Mar. 31, 2009) (reasoning that the denial of class certification destroys jurisdiction because it means the case is not and never was a class action). Given this disagreement, the court concluded that it did not err in remanding the case.

In its petition and supplement, BNSF identifies three alternative grounds for federal jurisdiction, but we need reach only one: jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations. The well-established general rule is that jurisdiction is determined

at the time of removal, and nothing filed after removal affects jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *In re Shell Oil*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam); *see also Bullard v. Burlington Northern Sante Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (noting, in a case removed under CAFA, that "we doubt that anything filed after a notice of removal can affect federal jurisdiction"). CAFA is, at base, an extension of diversity jurisdiction. Even in cases filed originally in federal court, later changes that compromise diversity do not destroy jurisdiction. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam); *see also* 13E CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3608, at 364-67 (3d ed. 2009). And though it is sometimes possible for a plaintiff who sues in federal court to amend away jurisdiction, removal cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction. *See Rockwell Int'l Corp. v. United States,* 549 U.S. 457, 473-74 & n.6 (2007).

This court recently concluded that the general rule—that nothing filed after a notice of removal affects jurisdiction—governed a similar situation in *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805 (7th Cir. 2010). There we held that in a case removed under CAFA, jurisdiction survives even if the district court denies class certification. *Id.* at 806-07; *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, __ F.3d __, No. 10-55269, 2010 WL 1571190, at *3-4 (9th Cir. Apr.

21, 2010) (following *Cunningham*). We reasoned that CAFA jurisdiction attaches when a case is *filed* as a class action, *see* 28 U.S.C. § 1332(d)(1)(b), and that even if the class is not certified, jurisdiction continues. *Cunningham*, 592 F.3d at 806-07. We further explained that the policies behind the general rule support this result, noting that keeping the case minimizes the expense and delay caused by shuttling a case from court to court and furthers CAFA's purpose of allowing putative class actions to be litigated in federal court. *Id.* at 807.

Given our decision in *Cunningham*, the limited question this appeal presents is whether CAFA jurisdiction also continues when the post-removal change is not the district court's denial of class certification but is instead the plaintiffs' decision not to pursue class certification. The district court treated the two situations as indistinguishable, and we agree. There are compelling reasons to conclude that such a post-removal amendment also does not destroy CAFA jurisdiction. The same considerations of expense and delay apply, and in addition, allowing plaintiffs to amend away CAFA jurisdiction after removal would present a significant risk of forum manipulation. CAFA's legislative history reflects an awareness of the latter concern, citing the existing rule that "jurisdiction cannot be 'ousted' by later events," and explaining that if the rule were otherwise, "plaintiffs who believed the tide was turning against them could simply always amend their complaint months (or even years) into the litigation to require remand to state court." *See* S. Rep. No. 109-14, at 70-71 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 66. As we

noted in *Cunningham*, a case "should not be shunted between court systems." 592 F.3d at 807.

Accordingly, we VACATE the district court's remand order and REMAND to the district court for further proceedings.