**NOT FOR PUBLICATION**

FILED

NOV 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAD RHOADES; LUIS URBINA, | No. 10-17129 |
| Plaintiffs - Appellees, | D.C. No. 2:10-cv-00763-GEB-KJM |
| v. | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted November 3, 2010
Stanford, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.[**]

Progressive Casualty Insurance Company ("Progressive") appeals an order

of the district court remanding a class action lawsuit to state court. We reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

This appeal was taken pursuant to the Class Action Fairness Act ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.). CAFA authorizes the removal of class action lawsuits from state to federal court where the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, as in other diversity cases, "the party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." Lewis v. Verizon Communications, Inc., __ F.3d ___, 2010 WL 4645465, 4 (9th Cir. 2010). However, "'[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'" Id. (quoting Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008). In assessing whether the defendant has established that the amount in controversy exceeds $5 million, "we expressly contemplate the district court's consideration of some evidentiary record." Id.

In this case, as in <u>Lewis</u> and <u>Spivey</u>, the complaint did not allege a specific amount sought in recovery. Progressive tendered credible, and unrebutted, evidence that the amount sought exceeded $5 million due to the claim for unpaid overtime and attorneys fees. It has "plausibly explained how the stakes exceed $5 million," and it is legally possible for the plaintiffs to recover that much. Thus, the district court erred in determining that Progressive had not established that the amount in controversy exceeded the statutory requirement.

## II

The plaintiffs contend that we lack appellate jurisdiction because of events that have occurred subsequent to the district court's remand order. However, that assertion is in error. <u>See, e.g.</u>, <u>News-Texan, Inc. v. City of Garland</u>, 814 F.2d 216, 218 (5th Cir. 1987) (noting that appellate jurisdiction over remand orders exists despite the occurrence of events subsequent to the remand). In addition, federal courts retain power to enforce removal jurisdiction against state court proceedings. <u>Mitchum v. Foster</u>, 407 U.S. 225, 234 & n. 12 (1972); <u>see also</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 121 F.3d 1372, 1378 (9th Cir. 1997); <u>Lou v. Belzberg</u>, 834 F.2d 730, 740 (9th Cir. 1987).

## III

The district court erred in remanding the removed case.  We vacate the order of removal and remand for further proceedings consistent with this decision.   We need not, and do not, decide any other issue urged by the parties.


**REVERSED AND REMANDED.**

*Rhoades v. Progressive Cas. Ins. Co.*, No. 10-17129
IKUTA, J., dissenting.

In concluding that we have jurisdiction over the district court's June 10, 2010 remand order, even though events after the remand have made any controversy regarding that remand order moot, the majority relies on a Fifth Circuit case, *News-Texan, Inc. v. City of Garland*, 814 F.2d 216, 218 (5th Cir. 1987). Our precedent, however, is otherwise: it indicates that when a properly removed case is remanded, and then "becomes moot in the course of litigation," a federal court no longer has jurisdiction over the case. *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 n.3 (9th Cir. 2010).

Here, Progressive's appeal of the district court's June 10, 2010 remand order is moot. After the June 10th remand, Progressive could have taken one of a number of procedural steps to maintain the status quo, including seeking a stay of the district court's June 10th remand order pending resolution of this appeal. Had Progressive done so, our jurisdiction over this appeal would have been unaffected. *See id.* But instead, Progressive decided to remove the case again, resulting in a second remand order that is now both final and unreviewable. *See Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam).

When the party appealing a decision participates in conduct that moots its

case while it is on appeal, we are not authorized to provide that party with appellate relief. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25–26 (1994). Under the circumstances present here, we should not take the extraordinary steps of vacating a district court remand order that Progressive elected not to appeal, and unwinding subsequent state-court proceedings undertaken pursuant to a final remand order. *See* 28 U.S.C. § 1447(c) (directing that, after the final order of remand has been mailed to the clerk of the State court, "[t]he State court may thereupon proceed with [the] case"). Therefore, I respectfully dissent.