IKUTA, J.,
dissenting.
In concluding that we have jurisdiction over the district court’s June 10, 2010 remand order, even though events after the remand have made any controversy regarding that remand order moot, the majority relies on a Fifth Circuit case, News-Texan, Inc. v. City of Garland, 814 F.2d 216, 218 (5th Cir.1987). Our precedent, however, is otherwise: it indicates that when a properly removed case is remanded, and then “becomes moot in the course of litigation,” a federal court no longer has jurisdiction over the case. United Steel Workers Int’l Union v. Shell Oil Co., 602 F.3d 1087, 1092 n. 3 (9th Cir.2010).
Here, Progressive’s appeal of the district court’s June 10, 2010 remand order is moot. After the June 10th remand, Progressive could have taken one of a number of procedural steps to maintain the status quo, including seeking a stay of the district court’s June 10th remand order pending resolution of this appeal. Had Progressive done so, our jurisdiction over this appeal would have been unaffected. See id. But instead, Progressive decided to remove the case again, resulting in a second remand order that is now both final and unreviewable. See Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir.1988) (per curiam).
When the party appealing a decision participates in conduct that moots its case while it is on appeal, we are not authorized to provide that party with appellate relief. See U.S. Bancorp Mortg. Co. v. Bonner Mall P’ship, 513 U.S. 18, 25-26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). Under the circumstances present here, we should not take the extraordinary steps of vacating a district court remand order that Progressive elected not to appeal, and unwinding subsequent state-court proceedings undertaken pursuant to a final remand order. See 28 U.S.C. § 1447(c) (directing that, after the final order of remand has been mailed to the clerk of the State court, “[t]he State court may thereupon proceed with [the] case”). Therefore, I respectfully dissent.