FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNY ARCHILA, individually, and on behalf of all other similarly situated current and former employees of KFC U.S. Properties, Inc., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KFC U.S. PROPERTIES, INC., a Delaware corporation, <br><br> Defendant - Appellee. | No. 09-56497 <br><br> D.C. No. 2:09-cv-00107-R-FMO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 14, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Plaintiff-Appellant Kenny Archila ("Archila") appeals the district court's

dismissal of his class allegations and his claims under California's Private

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Attorneys General Act of 2004 ("PAGA"), CAL. LAB. CODE §§ 2698–2699.5, against Defendant-Appellee KFC U.S. Properties, Inc. ("KFC"). We affirm.

The district court dismissed the class allegations because Archila failed to file a motion for class certification within 90 days as required by the Central District's Local Rule 23-3. Archila's arguments that the 90-day deadline violates his due process rights and conflict with the Federal Rules of Civil Procedure have no merit. Nor does Archila meet the burden of showing that the district court abused its discretion when it refused to extend the 90-day deadline.

With regard to the PAGA claims, we hold that the district court properly exercised jurisdiction over the claims. Although California may be a real party in interest to a PAGA action, *see Arias v. Superior Court*, 209 P.3d 923, 933 (Cal. 2009), this does not convert California into an actual party to all PAGA litigation, *see United States ex rel. Eisenstein v. City of N.Y.*, 129 S. Ct. 2230, 2235 (2009) ("[W]hen . . . a real party in interest has declined to bring the action or intervene, there is no basis for deeming it a 'party' . . . ."). Archila's arguments that a federal court's assumption of jurisdiction over a PAGA action violates California's rights under the Tenth and Eleventh Amendments therefore lack merit.

The dismissal of the class claims did not automatically deprive the district court of supplemental jurisdiction over the PAGA claims. *See United Steel, Paper*

2

*& Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court."). The district had discretion over whether to remand the PAGA claims to state court, and we review for abuse of discretion. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). Archila has not carried his burden of showing an abuse of discretion.

The district court treated the PAGA claims as foreclosed when it granted KFC's motion in limine to exclude the cover letter Archila sent to the Labor and Workforce Development Agency ("LWDA"). Because granting the motion in limine operated as "a dispositive ruling akin to a dismissal under Fed. R. Civ. P. 12(b)(6)," we review the district court's ruling de novo, *Dubner v. City & Cnty. of*

3

*S.F.*, 266 F.3d 959, 968 (9th Cir. 2001), and we may affirm on any ground supported by the record, *see Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008).

Before an employee may bring a PAGA suit, he must "give written notice . . . to the [LWDA] and the employer of the specific provisions of [the California Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." CAL. LAB. CODE § 2699.3(a)(1). Regardless of whether the cover letter to the LWDA is admissible, none of the materials Archila submitted to KFC or the LWDA contain "facts and theories" to support his allegations. The demand letter merely lists several California Labor Code provisions Archila alleges KFC violated and requests that KFC conduct an investigation. Citing an inapposite case about EEOC complaints, Archila insists the contents of his letter are adequate because we must construe it "with utmost liberality." *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). Even if we were to read the cover and demand letters "with utmost liberality," because neither letter contains any factual allegations whatsoever, they cannot constitute adequate notice for purposes of PAGA. Archila's PAGA claims therefore cannot proceed.

AFFIRMED.

4