**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY Z. ABERDEEN, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR NORTH AMERICA, INC.,<br><br>　　　　Defendants - Appellees. | No. 09-56149<br><br>D.C. No. 2:08-cv-01690-PSG-VBK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 18, 2011

Pasadena, California

Before: KLEINFELD and GRABER, Circuit Judges, and ZILLY,[**] Senior District Judge.

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

The district court did not abuse its discretion in denying class certification. Because Aberdeen was subject to unique defenses that threaten to preoccupy him, he lacks typicality. Fed. R. Civ. P. 23(a)(3); Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Thus, denial of class certification was not an abuse of discretion.

When class certification was denied, the district court was not stripped of jurisdiction over the individual claims. Subsequent to the district court's decision, we held that continued jurisdiction under 28 U.S.C. § 1332(d) "does not depend on certification." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co., 602 F.3d 1087, 1092 (9th Cir. 2010) (internal quotation marks omitted). Thus, the district court erred, though it could not have known it at the time, in dismissing the case and should have retained jurisdiction to decide Aberdeen's individual claims.

As to the issue of standing, the district court erred in holding that Aberdeen lacked standing, individually, to sue under California's Unfair Competition Laws. Aberdeen waived his affirmative misrepresentation claim, but has standing to raise his "pure omission" claim. In concluding that, because a consumer would have no source other than Toyota's advertising for forming an expectation about the Prius's fuel economy, Toyota had no duty to disabuse the consumer of the notion that the

2

vehicle would achieve 55 mpg, the district court improperly assumed that consumers would have no way of knowing EPA estimates absent a manufacturer's advertisements, an assumption belied by the EPA's own website. Moreover, the district court's reasoning, which would permit a manufacturer to make certain representations and then be insulated from liability for failing to disclose contrary information so long as the consumer had no alternate source of data on the subject, is antithetical to the underlying purposes of consumer protection legislation.

In finding fault with the district court's earlier analysis, we do not mean to suggest whether Aberdeen has stated a claim on which relief may be granted. The district court should decide whether California law supports a "pure omission" theory of liability in the non-warranty context, and whether California law creates a duty to disclose Toyota's internal fuel economy data. See Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088 (N.D. Cal. 2007). But see Buller v. Sutter Health, 74 Cal. Rptr. 3d 47, 51-53 (Ct. App. 2008) (rejecting contention that Falk applies to non-safety related omissions); Daugherty v. Am. Honda Motor Co., 51 Cal. Rptr. 3d 118, 127 (Ct. App. 2006) (same). As to his standing under California's Consumers Legal Remedies Act, there is at least a question of fact whether Aberdeen is a "consumer."

3

Because we affirm the denial of class certification on the ground that Aberdeen lacks typicality, and because we do not reach the questions under California law concerning his "pure omission" theory, we do not determine whether individual issues would predominate in a request for class certification brought by a different plaintiff. In addition, in affirming the denial of class certification, we do not preclude the district court from reconsidering its ruling in the event it concludes that Aberdeen has a viable "omission" claim.

AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.

Aberdeen v. Toyota Motor Sales, U.S.A., Inc., No. 09-56149

KLEINFELD, Circuit Judge, concurring in part and dissenting in part:

I would affirm, having concluded that the district court was correct on "standing" under California law.