FILED

DEC 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANNA MOREY, an individual, on behalf of herself and all others similarly situated, | No. 11-56916 |
| | D.C. No. 3:11-cv-01517-L-BLM |
| Plaintiff - Appellee, | |
| | MEMORANDUM* |
| v. | |
| LOUIS VUITTON NORTH AMERICA, INC., a Delaware corporation, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before:  B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Defendant Louis Vuitton North America, Inc. appeals the district court's

order remanding plaintiff Deanna Morey's putative class action alleging that Louis

Vuitton violated California's Song-Beverly Credit Card Act, Cal. Civ. Code

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1747.08, by requesting and recording shoppers' personal identification information when they used a credit card for purchases at Louis Vuitton retail stores. We have jurisdiction under 28 U.S.C. § 1453(c)(1). Reviewing the district court's remand order de novo, *see United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010), we reverse.

The district court erred in holding that Louis Vuitton's initial notice of removal failed to show by a preponderance of the evidence that the amount in controversy exceeded $5 million. *See* 28 U.S.C. § 1332(d)(2); *United Steel*, 602 F.3d at 1090.

When determining the amount in controversy for jurisdictional purposes, the amount claimed in the complaint's prayer for relief controls if apparently made in good faith. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689 n.6 (9th Cir. 2007). Here, the complaint sought penalties of "up to . . . $1,000 per violation" of the Song-Beverly Act. That statute gives the court discretion to impose civil penalties "not to exceed [$250] for the first violation and [$1,000] for each subsequent violation." Cal. Civ. Code § 1747.08(e); *see also Pineda v. Williams-Sonoma Stores, Inc.*, 246 P.3d 612, 620 (Cal. 2011). The statute's language does not necessarily limit the recoverable penalty to $250 for the defendant's first

violation *against each separate victim*. Rather, the statutory language caps the penalty at $250 for the defendant's first violation, and then at $1,000 for each subsequent violation, regardless of whether the defendant's subsequent violation aggrieved the same victim as the first violation. Because the amount in controversy could be as much as $1,000 for each subsequent violation, and it is undisputed that there were "substantially in excess" of 5,000 credit card transactions, the preponderance of the evidence shows that the amount in controversy exceeds $5 million.

The plaintiff also argues that Louis Vuitton failed to establish by a preponderance of the evidence that the putative class had at least 100 members, as required by the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(5). But Louis Vuitton processed "substantially in excess of 5,000 credit card transactions" during the class period, a number that reasonably implies at least 100 separate credit card users.

**REVERSED.**