**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LYNNETTA ELLISON, on behalf of
herself and a class of others similarly
situated,

              Plaintiff - Appellee,

  v.

AUTOZONE INC, a Nevada Corporation,

              Defendant - Appellant.

No. 12-56569

D.C. No. 2:11-cv-07686-AG-MLG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before: TROTT, KLEINFELD, and McKEOWN, Circuit Judges.

Autozone, Inc. appeals the order of the district court remanding the case to

state court. The remand order was issued sua sponte after Ellison had dismissed

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

her only remaining class claim, leaving just an individual claim before the court. We reverse.

We have jurisdiction to hear this appeal under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1453(c); see also Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 678-79 (9th Cir. 2006) (per curiam); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999). We review the district court's remand order de novo. United Steel v. Shell Oil Co., 602 F.3d 1087, 1090 (9th Cir. 2010).

Ellison filed class and individual claims against Autozone in state court, and Autozone removed the action to federal court under CAFA. All but one of Ellison's class claims were severed and transferred to another forum, and Ellison dismissed her only remaining claim, insofar as it was on behalf of a class, voluntarily. This left before the district court a single claim on behalf of Ellison as an individual. The district court sua sponte remanded the case to state court for lack of jurisdiction.

Where, as here, jurisdiction was proper at the time of removal, subsequent dismissal or transfer of class claims does not defeat the court's CAFA jurisdiction over remaining individual claims.  United Steel, 602 F.3d at 1092.  The district court therefore erred in remanding the case for lack of jurisdiction.  Had the court ordered the parties to show cause why this case should not be remanded, it doubtless would have elicited the authorities which showed that the court was not deprived of jurisdiction.  We therefore vacate the district court's order and remand for further proceedings consistent with this opinion.  We need not and do not decide any other issues urged by the parties.

**REVERSED** and **REMANDED**.