

FILED

NOT FOR PUBLICATION

MAY 17 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHERINE LOPEZ, individually and
on behalf of all other similarly situated
current and former employees of Wendy's
International, Inc.,

No. 13-55529

D.C. No. 5:11-cv-00275-TJH-JC

Plaintiff - Appellee,

MEMORANDUM[*]

v.

WENDY'S INTERNATIONAL, INC.,

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted May 10, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Wendy's International, Inc. appeals the order of the district court remanding this case to state court. The remand order came after the district court dismissed the last remaining representative or class claims in the complaint.

We have jurisdiction to review the remand order under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1453(c). We review the remand order de novo. *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010).

In the context of diversity jurisdiction under CAFA, *see* 28 U.S.C. § 1332(d)(2), "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel*, 602 F.3d at 1091–92. In this case, there is no dispute that the district court had jurisdiction at the time of removal. Accordingly, the subsequent dismissal of the representative and class action claims did not strip the district court of jurisdiction. *See id.* The dismissal of these claims is not an exception to the "general rule" of "once jurisdiction, always jurisdiction." *Id.* at 1092 n.3.[1]

REVERSED AND REMANDED.

---

[1]Wendy's Motion for Leave to File a Reply to Respondent's Brief is denied as moot.