**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO AVILES, | No.    15-56951 |
| Plaintiff-Appellee, | D.C. No.<br>2:15-cv-05214-MWF-AGR |
| v. | |
| QUIK PICK EXPRESS, LLC, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 5, 2017
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

This appeal arises from a complaint against Quik Pick Express, LLC, a trucking

company, by Roberto Aviles, one of its drivers. Aviles alleges that Quik Pick

misclassified him as an independent contractor rather than an employee, resulting in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

the loss of various wages and labor benefits. From this underlying nexus, Aviles alleges a smorgasbord of claims ranging from failure to keep accurate time records to intentional infliction of emotion distress. Aviles brings this mix of claims in a mix of capacities—as an individual and putative class representative, as a private attorney general, and as all three, depending on the claim. The private-attorney-general claims are representative claims under California's Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.* (and hereinafter, "PAGA"), which "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015) (quoting *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 133 (Cal. 2014)).

Aviles's contract has a section requiring Aviles to submit claims to arbitration. This same section provides that arbitration will occur on only an individual basis, and it reinforces that provision by expressly providing that claims as a representative are waived. As a matter of public policy, however, California law prohibits PAGA claims from being waived in this manner. *Sakkab*, 803 F.3d at 430–31. The district court applied this rule and held that the waiver clause was unenforceable as to the PAGA claims. Moreover, although this question arguably should itself have been arbitrated,

the court decided the issue itself. Its recognition of the California rule left for resolution whether Aviles's individual claims should still be submitted to arbitration. The district court held that they should not. Quik Pick acknowledged at oral argument that the arbitration section was unenforceable as to the PAGA claims, but appeals from the denial of its motion to compel arbitration as to Aviles's individual, non-representative claims.

Before we address this ruling, there is a preliminary question whether the district court should have ruled on arbitrability at all, or whether, under the incorporated JAMS rules, the dispute over which claims should be arbitrated was itself arbitrable. But the underlying issue is both highly technical and explicitly open in this circuit. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). There is no need to unknot the issue when we can simply cut through it in the absence of any real dispute. Aviles maintains that the district court *should* have decided arbitrability. Quik Pick disagrees only in the alternative, only if we affirm the arbitrability ruling. As it happens, we do not affirm, and we thus see no harm to either party in assuming that the district court could rule on whether Aviles's claims were arbitrable.

As to the substance of that ruling, we vacate and remand. In *Franco v. Arakelian Enterprises, Inc.*, 234 Cal. App. 4th 947, 952–53, 965 (2015), the California Court of Appeal faced a similar situation and preserved the parties' contractual

3

expectations as much as possible by simply restricting the arbitration provision from applying to PAGA claims. That prevented the plaintiff "from gaining undeserved relief from his agreement to arbitrate his individual claims" and protected the defendant "from the undeserved detriment of having its entire [arbitration] agreement voided due to its inclusion of a provision respecting only certain claims," all while preserving the plaintiff's rights under PAGA. *Id.* at 965. We do the same here. Indeed, the language of the arbitration section here expressly provides that "[i]f any provision in this Section is found to be unenforceable, that term shall be severed and the remaining terms enforced."

We vacate the district court's order and remand with the following instructions. The district court should grant the motion to compel arbitration on an individual basis with respect to any claim that Aviles brings on his own behalf (regardless of whether he also putatively represents class members). Enforcing the representative-action waiver except as to PAGA, the district court should decline to allow Aviles to represent any other individual, as a class representative or otherwise.[1] Finally, the district court should stay Aviles's PAGA claims during the pendency of the

---

[1] As to subject-matter jurisdiction in this circumstance, see *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010).

arbitration.[2] If the arbitration on the individual claims determines that Aviles is an "aggrieved employee" within the meaning of Cal. Lab. Code § 2699, then he can pursue his PAGA claims in the district court.

**VACATED AND REMANDED.**

---

[2] Aviles's complaint also discusses various kinds of injunctive relief. One of the exceptions to the arbitration provision is that it does not prohibit Aviles "from bringing any action in any court of competent jurisdiction for injunctive or other extraordinary relief." Because Aviles failed to brief this issue, we think it appropriate that the stay encompass his injunctive claims, to the extent they remain in the district court.