**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME ECHEVARRIA, as an individual and on behalf of all others similarly entitled, | No. 19-16275 |
| Plaintiff - Appellee, | D.C. No. 5:16-cv-04041-BLF |
| v. | MEMORANDUM* |
| AEROTEK, INC., a Maryland corporation, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Beth L. Freeman, District Judge, Presiding

Submitted July 16, 2020**
San Francisco, California

Before: LEE and BUMATAY, Circuit Judges, and SILVER,*** District Judge.

Aerotek, Inc. appeals the district court's rulings that: (i) the Class Action
Fairness Act (CAFA) does not confer mandatory jurisdiction over Jaime
Echevarria's state-law claim asserted under California's Private Attorneys General

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

Act (PAGA); and (ii) the Federal Arbitration Act does not preempt California's rule against the waiver of PAGA claims. We review *de novo* whether subject matter jurisdiction exists. *See Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995). We affirm in part and vacate in part.

1. The district court correctly determined that CAFA jurisdiction does not apply to Echevarria's remaining PAGA claim once he voluntarily dismissed the class action claims. Indeed, a PAGA claim cannot give rise to CAFA jurisdiction. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) ("PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA."). And there is no other basis for original jurisdiction over the PAGA claim, as Aerotek's notice of removal asserted CAFA as the sole jurisdictional ground. *See O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988).

The district court was therefore limited to supplemental jurisdiction over the PAGA claim. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 167 (1997). As a result, once the district court dismissed "every claim over which it had original jurisdiction," its exercise of continuing supplemental jurisdiction over the PAGA claim was "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Aerotek's reliance on *United Steel v. Shell Oil Co.* is unavailing, as the claims

2

there that gave rise to CAFA jurisdiction survived as individual claims. 602 F.3d 1087, 1090 (9th Cir. 2010). Here, in contrast, all of the claims giving rise to CAFA jurisdiction have been dismissed in their entirety. CAFA jurisdiction thus has been extinguished.

2.      Neither party has raised the issue of whether the district court erred in ruling on the preemption of the PAGA claim, while also declining supplemental jurisdiction over the remainder of the PAGA litigation. Nevertheless, because "the record discloses that the lower court was without jurisdiction," we have "jurisdiction on appeal . . . for the purpose of correcting the error of the lower court." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citation omitted).

The district court's decision to decline supplemental jurisdiction over the PAGA claim divested it of jurisdiction to decide the preemption issue. *See Axess Int'l, Ltd. v. Intercargo Ins. Co.*, 183 F.3d 935, 943 (9th Cir. 1999) ("[O]nce the district court chose not to exercise supplemental jurisdiction over [ ] supplemental state law claims, it lacked the power to adjudicate the merits of these claims, including [the] affirmative defense of preemption[.]") (citation omitted). We thus vacate the district court's preemption ruling. The entirety of the PAGA litigation, including the issue of preemption, should be remanded to state court.[1]

---

[1] The district court's declination of supplemental jurisdiction over the PAGA claim is a discretionary act that we decline to review *sua sponte*. *See id*. ("[W]e are not

3

**AFFIRMED IN PART AND VACATED IN PART.**

---

required, sua sponte, to decide whether the district court abused its discretion under § 1367(c).") (citation and internal quotation marks omitted).