**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALDINE DOYLE, *Plaintiff-Appellee*, | No. 14-56075 |
| v. | D.C. No. 2:13-cv-05951-SJO-JEM |
| ONEWEST BANK, FSB, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
August 4, 2014—Pasadena, California

Filed August 22, 2014

Before: Stephen Reinhardt, Kim McLane Wardlaw,
and Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Class Action Fairness Act

The panel vacated the district court's order remanding a class action to California state court, and remanded to the district court to allow it to determine whether, considering the plaintiff class as pleaded at the time of removal, any of the exceptions to Class Action Fairness Act jurisdiction applied.

The panel held that the district court erred in determining the citizenship of the plaintiff class by considering the class as pleaded in the second amended complaint, which was filed in the district court after the action had been removed from state court. The panel held that for the purpose of considering the applicability of the exceptions to Class Action Fairness Act jurisdiction, the district court should have determined the citizenship of the proposed plaintiff class based on the complaint as of the date the case became removable.

### COUNSEL

Elizabeth L. McKeen (argued) and Danielle N. Oakley, O'Melveny & Myers LLP, Newport Beach, California, for Defendant-Appellant.

Michael C. Eyerly, DeBlase Brown Eyerly LLP, Los Angeles, California, for Plaintiff-Appellee.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Appellee Geraldine Doyle, along with Kuda Mujeyi, filed a class action complaint in the Superior Court of California asserting claims against several defendants, including Appellant OneWest Bank, FSB ("OneWest"). One of the defendants removed the action to the United States District Court for the Central District of California, invoking federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Before the District Court, all parties stipulated to sever Mujeyi's claims and transfer them to the District of Arizona. The District Court ordered Doyle to amend her complaint to reflect the severance, and she did so, filing a Second Amended Complaint in that Court. Doyle then moved to remand the action to California state court under one of the exceptions to CAFA jurisdiction, 28 U.S.C. § 1332(d)(4). The District Court granted Doyle's motion to remand under 28 U.S.C. § 1332(d)(3).

In its order granting remand, the District Court determined the citizenship of the plaintiff class by considering the class as pleaded in Doyle's Second Amended Complaint, which was filed in the District Court after the action had been removed from state court. This was an error. Under CAFA, "[c]itizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint . . . indicating the existence of Federal jurisdiction." 28 U.S.C. § 1332(d)(7). For the purpose of considering the applicability of the exceptions to CAFA jurisdiction, the District Court should have determined the citizenship of the proposed plaintiff class based on

Doyle's complaint "as of the date the case became removable." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013).

The District Court's order remanding the action to California state court is VACATED and the action is REMANDED to the District Court to allow it to determine whether, considering the plaintiff class as pleaded at the time of removal, any of the exceptions to CAFA jurisdiction, 28 U.S.C. § 1332(d)(3) or (4), applies, and for further proceedings consistent with this disposition.

**VACATED AND REMANDED.**