OPINION
Opinion by
Judge SCHROEDER, Circuit Judge:
We deal with provisions of the Class Action Fairness Act (“CAFA”) to ensure that large class action cases are heard in federal court. 28 U.S.C. § 1332(d). The issue before us is whether plaintiffs may amend their complaint, after a case has been removed to federal court, to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction. We hold plaintiffs may not do so and clarify that the range of amendments permitted under our prior opinion in Benko v. Quality Loan Service Corp., 789 F.3d 1111 (9th Cir. 2015), upon which the district court relied, is very narrow.
Plaintiff, a California restaurant, filed this action in California state court against Visa Inc. and related corporations claiming that Visa is violating the state antitrust laws by fixing rates and preventing merchants from applying a surcharge for the *1276 use of credit cards. The complaint described the class as “all California individuals, businesses and other entities who accepted Visa-branded cards in California since January 1, 2004.... ” Defendant companies (“Visa”) are citizens of California and Delaware. Plaintiff class as described in the original state court complaint included both California and non-California citizens. Broadway Grill is the named plaintiff and is a California corporation. Visa removed to federal district court because CAFA’s minimal diversity requirement was satisfied. Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant. 28 U.S.C. § 1332(d)(2)(A). Since many merchants doing business in California, and members of the class as originally described, are not citizens of California, the requirement was met.
After Visa removed to the District Court for the Northern District of California, Broadway Grill moved to remand on the theory that the case qualified as one of CAFA’s exceptions to the exercise of federal jurisdiction. The relevant exception is the so-called “local controversy” exception for cases in which two-thirds of the class members are citizens of the state of filing and a “significant” defendant is a citizen of that state as well. 28 U.S.C. § 1332(d)(4). The district court correctly denied the motion to remand because the class, on its face, included many non-citizens of California, and Broadway Grill could not- establish two-thirds were California citizens.
It was at this point that Broadway Grill sought leave to amend the complaint to change Plaintiff class to include only “California citizens,” in order to eliminate minimal diversity. The district court granted leave to amend and ordered the case remanded to the state court. While the district court acknowledged the general rule that jurisdiction is determined at the time of removal, and post-removal amendments cannot eliminate jurisdiction, the court relied on an exception, apparently unique to our circuit, permitting amendment in limited circumstances to add allegations of underlying facts that clarify the nature of the claims for purposes of determining CAFA jurisdiction. See Benko, 789 F.3d at 1117 (holding that in certain circumstances “plaintiffs should be permitted to amend a complaint to clarify issues pertaining to federal jurisdiction under CAFA”). In Benko, the plaintiffs were permitted to set out the percentage of claims that were against the in-state defendant in order to show it was a “significant defendant” within the CAFA exception to federal jurisdiction.
Benko has created some uncertainty in the district courts as to when post-removal amendments may be allowed. See Lopez v. Aerotek, Inc., 2017 WL 253948, at *2 (C.D. Cal. Jan. 19, 2017) (not allowing an amendment that added a new defendant to potentially qualify for the local controversy exception); Rossetti v. Stearn’s Prod. Inc., 2016 WL 3277295, at *1 (C.D. Cal. June 6, 2016) (not allowing an amendment that would change the class from a national class to- a California citizen class); Chen v. eBay, Inc., 2016 WL 835512, at *2 n.1 (N.D. Cal. Mar. 4, 2016) (effectively allowing amendment and ordering remand of a complaint that restricted a class to citizens of California, rather than residents); In re Anthem Inc. Data Breach Litig., 129 F.Supp.3d 887, 894-96 (N.D. Cal. 2015) (allowing amendment of a complaint so that a class represented only Missouri citizens rather than residents and ordering remand).
The basic jurisdictional provisions of CAFA are simple. Under 28 U.S.C. §§ 1332 (d)(2), (d)(5), the matter in controversy must exceed $5,000,000, the number *1277 of plaintiffs must be 100 or more and diversity is established when “any member of a class of plaintiffs is a citizen of a state different from any defendant.” Thus, unlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed “minimal diversity.” The law provides minimal diversity is to be determined as of the time of removal. 28 U.S.C. § 1332 (d)(7).
Congress’s intent to broaden federal court class action jurisdiction is illustrated by the provision for expedited appellate review when a district court orders remand. 28 U.S.C. § 1453(c). Such appeals must be decided within sixty days. We have appellate jurisdiction pursuant to that provision. We have held our review of remand orders is de novo. Bridewell-Sledge v. Blue Cross of Cal., 798 F.3d 923, 927 (9th Cir. 2015).
In exercising that appellate jurisdiction, the circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal. The rule goes back to Pullman Co. v. Jenkins, 305 U.S. 534, 537-38, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Our leading case in the CAFA context is Mondragon v. Capital One Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013). See also Doyle v. OneWest Bank, FSB, 764 F.3d 1097, 1098 (9th Cir. 2014) (“[T]he District Court should have determined the citizenship of the proposed plaintiff class based on Doyle’s complaint as of the date the case became removable.”) (internal quotation omitted). The other circuits are in complete agreement. As the Seventh Circuit has said, “removal cases present concerns about forum manipulation that counsel against allowing a plaintiff’s post-removal amendments to affect jurisdiction.” In re Burlington Northern Santa Fe Ry., Co., 606 F.3d 379, 381 (7th Cir. 2010). See also Hargett v. Rev-Claims, LLC, 854 F.3d 962, 966-67, 2017 WL 1405034, at *3 (8th Cir.2017); In Touch Concepts, Inc. v. Cellco P’ship, 788 F.3d 98, 101 (2d Cir. 2015); Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C., 768 F.3d 425, 429 (5th Cir. 2014) (“Allowing Cedar Lodge to avoid federal jurisdiction through a post-removal amendment would turn the policy underlying CAFA on its head.”). This unanimity seems firmly to establish that plaintiffs’ attempts to amend a complaint after removal to eliminate federal jurisdiction are doomed to failure.
In Benko, however, this court allowed plaintiffs to amend the complaint after removal, in order to clarify jurisdiction. We did so when the amendment did not alter the definition of the class, but, rather, had the effect of explaining the impact of the complaint’s allegations on one of the defendants. This impact was jurisdictionally significant because CAFA contains an exception to the exercise of jurisdiction on the basis of minimal diversity, where a local defendant will be especially impacted, the “local controversy” exception. See Benko, 789 F.3d at 1117. Our opinion in Benko explained that the amendment served only to provide some amplification, for federal jurisdictional purposes, of the nature of plaintiffs’ allegations. The amendment provided “estimates of the percentage of total claims asserted against [the in-state defendant]” in order to show that the in-state defendant was “significant,” for purposes of § 1332(d)(4). Id.
The amendment in this case, however, did not provide an explanation of the allegations, but changed the definition of the class itself. Instead of being composed of all the merchants in the state of California, regardless of citizenship, the class, as defined in the amended complaint, became exclusively composed of California citizens. We conclude such an amendment is out *1278 side the exception recognized in Benko and thus cannot affect the removability of the action.
Benko itself recognized that CAFA “favors federal jurisdiction” and that only certain “CAFA-specifíc issues,” such as whether a particular in-state defendant was “significant,” that were highly unlikely to be addressed in a state court complaint, justified allowing amendments. Id. at 1116-17. It was only under those limited circumstances, where the “plaintiffs can provide a federal court with the information” that amendments that could potentially affect jurisdiction were allowed. Id. A class definition, however, will always be present in any class action complaint, state or federal. The amendment in this case did not merely provide relevant information. It changed the nature of the action.
We have not found any other circuit decisions permitting post-removal amendment of the complaint to affect the existence of federal jurisdiction and certainly none permitting alteration of the make up of the class. A very recent decision of the Eighth Circuit dealt with an issue very similar to the issue before us. That court refused to consider a post-removal amendment that would have narrowed the original class of Arkansas “residents” to Arkansas “citizens.” See Hargett, 854 F.3d at 966, 2017 WL 1405034, at *3. Indeed, those plaintiffs made many of the same arguments Broadway Grill makes here, including contending that the original class definition referring to Arkansas residents could have been understood to mean only citizens. In that case, the district court had, as in this case, permitted an amendment before remanding. See id. at 964-66, 2017 WL 1405034, at *1-2. The Eighth Circuit rejected the amendment, noting that CAFA’s language demands that class citizenship “must be determined as of the date of the pleading giving federal jurisdiction.” Id. at 967, 2017 WL 1405034, at *3, (citing 28 U.S.C. § 1332(d)(7)). That meant the class included non-citizens and hence minimal diversity was satisfied. We agree.
The Tenth Circuit, in an unpublished disposition, reached essentially the same decision. See Reece v. AES Corp., 638 Fed.Appx. 755, 775 (10th Cir. 2016). There plaintiffs’ state court complaint described a class of Oklahoma residents. After removal, plaintiffs sought leave to amend the class to cover only Oklahoma citizens, but the district court denied the motion. In affirming, the Tenth Circuit noted that “[although this class definition might have been effective if employed when the case was first filed, post-removal amendments are ineffective to divest a federal court of jurisdiction.” Id.
In a similar spirit, the Second and Seventh Circuits have refused to give effect to amendments that would have eliminated the claims alleged on behalf of a class. See In Touch Concepts, Inc., 788 F.3d at 102; Burlington Northern Santa Fe Ry., 606 F.3d at 381. The courts ruled jurisdiction was established as of the time of removal.
All of these decisions are in accord with CAFA’s legislative history, a history that is often cited. See, e.g., Benko, 789 F.3d at 1116; Cedar Lodge Plantation, 768 F.3d at 428. The history shows that Congress was well aware of the concern that expanding federal class action jurisdiction to require only minimal diversity would create instability, as class membership could change during the course of litigation. See Senate Report, S. Rep. 109-14, S. Rep. No. 14, 109th Cong. 1st Sess. 2005, 2005 WL 627977 *68 (Feb. 28, 2005) (“Senate Report”). The Senate Report observed that this concern was groundless, precisely because of the rule that post-removal amendments cannot affect jurisdiction. Id. at *70. Congress specifically noted that, under CAFA, if minimal diversity exists at the *1279 time of removal, jurisdiction could not be divested, even if the situation changed as a result of a later event, “whether beyond the plaintiffs control or the result of his volition.” Id. at *70-71. In this case plaintiffs have attempted to do what CAFA was intended to prevent: an amendment changing the nature of the class to divest the federal court of jurisdiction.
We therefore remain in agreement with the other circuits in holding that CAFA means what it says—citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal. See 28 U.S.C. § 1382(d)(7) (“Citizenship of the members of the proposed plaintiff class shall be determined ... as of the date of the complaint or amended complaint ... indicating the existence of Federal jurisdiction.”). In Benko, we created a small exception to the general rule that bars post-removal amendments related to jurisdiction, and this understandably created some uncertainty in the district courts. Benko allowed amendments for purposes of clarifying the relationship between the parties and the effect of the class claims on particular defendants. This was permitted in Benko so that the district court could decide whether remand to state court was appropriate under the local controversy exception. Benko did not, however, strike a new path to permit plaintiffs to amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter thfe essential jurisdictional analysis. Recognizing such a path in this circuit would conflict with statutory language and with the decisions of the other circuits. See, e.g., Hargett, 854 F.3d 962.
Because the existence of minimal diversity in this case must be determined on the basis of the pleadings at the time of removal in accordance with the general rule, the order of the district court remanding the case on the basis of a post-removal amendment must be reversed. The district court correctly recognized that the complaint, as of the time of removal, covered all California merchants, and not just merchants who were California citizens. That complaint remained the only one which should have been considered for determining the existence of minimal diversity. Accordingly, we respect rather than overrule Benko. Were we to interpret it as broadly as the dissent, we would not only disagree with other circuits, but overrule our own precedent in Doyle. Our decision in Benko did not sanction post-removal amendments that change the nature of the claims or the make up of the class.
We therefore REVERSE the order of the district court remanding this case to state court, and REMAND for further proceedings.