**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID EHRMAN, individually and on behalf of all others similarly situated, *Plaintiff-Appellee*, <br><br> v. <br><br> COX COMMUNICATIONS, INC.; COXCOM, LLC; COX COMMUNICATIONS CALIFORNIA, LLC, and DOES, 1 through 25, inclusive, <br> *Defendants-Appellants.* | No. 19-55658 <br><br> D.C. No. 8:18-cv-01125-JVS-DFM <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted July 11, 2019
Pasadena, California

Filed August 8, 2019

Before:  MILAN D. SMITH, JR. and MICHELLE T. FRIEDLAND, Circuit Judges, and MICHAEL H. SIMON,[*] District Judge.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[**]

### Removal / Class Action Fairness Act

The panel reversed the district court's order remanding to state court an action that was removed to federal court by the defendants pursuant to the Class Action Fairness Act ("CAFA").

In seeking to remand, plaintiff argued that the defendants had failed to adequately plead the existence of minimal diversity in their removal motion.

The panel held that defendants' jurisdictional allegations, which provided a short and plain statement of the parties' citizenship based on information and belief, satisfied the defendants' burden of pleading minimal diversity.  The panel further held that the district court misconstrued CAFA's pleading requirements by holding that defendants' jurisdictional allegations fell short, and by requiring defendants to support those allegations with

---

[*] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

evidence in response to only a facial – not a factual or as-applied – challenge.

## COUNSEL

Katherine Tracy Van Dusen (argued), Richard R. Patch, Scott C. Hall, and Philip D.W. Miller, Coblentz Patch Duffy & Bass LLP, San Francisco, California, for Defendants-Appellants.

Jamin S. Soderstrom (argued), Soderstrom Law PC, Irvine, California, for Plaintiff-Appellee.

## OPINION

M. SMITH, Circuit Judge:

When a defendant removes a case to federal court pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), how much evidence of the parties' citizenships must it provide? If the defendant's citizenship allegations are unchallenged factually, the answer is none. In such cases, all a removing party must do is provide a short and plain statement of the grounds for removal. Because Defendants Cox Communications' (and related entities') notice of removal did just that, and because Plaintiff David Ehrman did not factually attack Cox's jurisdictional allegations, we reverse the district court's grant of Ehrman's motion to remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Ehrman filed a class action complaint against Cox in Orange County Superior Court, alleging that Cox had engaged in unlawful business practices related to the advertisement and sale of residential internet services. Ehrman brought the case on behalf of himself and "all consumers in California who paid for [Cox's] residential Internet services within four years from the date this action was filed."

Cox removed the case to the district court pursuant to CAFA. Cox alleged in its notice of removal that Ehrman's suit met CAFA's removal requirements because it was a putative class action with more than 100 class members, that there was minimal diversity between the parties, and that the amount in controversy exceeded $5,000,000, exclusive of interest and costs. Cox, a purported citizen of Delaware and Georgia, asserted based on information and belief that Ehrman and all class members are citizens of California.

Ehrman then moved to remand the case to state court. Asserting a facial challenge to Cox's notice of removal, Ehrman argued that Cox had failed to adequately plead the existence of minimal diversity. He claimed that Cox's allegations of citizenship were insufficient because they relied "purely on an allegation of residency and [on] 'information and belief.'"

The district court granted Ehrman's motion to remand. It reasoned:

> In the absence of instruction from the Ninth Circuit . . . this Court declines to find that the complaint alone created a rebuttable residency-domicile presumption of

removability. . . . [T]he Court finds that Cox's reliance on the residency allegation in the complaint [] amounted to mere sensible guesswork such that it is insufficient for establishing minimal diversity.

We granted Cox's motion for leave to appeal to provide guidance on what a defendant must allege, and what evidence it must provide, when removing a case pursuant to CAFA.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1453(c)(1), which allows us to "accept [a timely] appeal from an order of a district court granting or denying a motion to remand a class action to the State court."

"We review *de novo* a district court's decision to remand a removed case and its determination that it lacks subject matter jurisdiction." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 938 (9th Cir. 2006).

## ANALYSIS

Congress enacted CAFA with the "intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." S. Rep. No. 109-14, at 35 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 34. Because "a party bringing suit in its own State's courts might (seem to) enjoy . . . a home court advantage against outsiders," *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1751 (2019) (Alito, J., dissenting), federal diversity jurisdiction provides "'a neutral forum' for parties from different States," *id.* at 1746 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). To this

end, CAFA confers jurisdiction on federal district courts over class actions when, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Unlike the complete diversity of citizenship generally required by § 1332(a), therefore, CAFA requires only "minimal diversity." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005).

Simply because a class action satisfies the requirements of CAFA, however, does not mean that it must be filed in federal court. Such cases may also be filed in state courts, which enjoy concurrent jurisdiction over such actions. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990). A defendant in state court who wishes to litigate in federal court may therefore remove a class action that satisfies CAFA's requirements. *See Home Depot*, 139 S. Ct. at 1746. At issue here is what that removing defendant must plead in its notice of removal.

As the removing party, Cox had the burden of pleading minimal diversity. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Accordingly, Cox had to file in the district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (alteration in original) (quoting H.R. Rep. No. 100-889, at 71 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6031–32). A party's allegation of minimal diversity may be based on "information and belief."

*Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). The pleading "need not contain evidentiary submissions." *Dart Cherokee*, 135 S. Ct. at 551.

In its notice of removal, Cox alleged that it was a citizen of Delaware and Georgia. It also alleged:

> As admitted in the Complaint, [Ehrman] is a resident of California. [Cox] is informed and believes, and on that basis alleges, that [Ehrman] is a citizen of the state in which he resides, as alleged in the Complaint.

> [Cox] is informed and believes, and on that basis alleges, that all purported class members are citizens of California, as alleged in the Complaint.

Ehrman argues, and the district court agreed, that Cox's allegations of citizenship were insufficient because they relied on allegations that Ehrman or other class members reside in California.

We agree that residency is not equivalent to citizenship. A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citations omitted).

Here, however, Cox did not merely allege residency. It alleged that Ehrman and all putative class members were citizens of California. That Cox's notice of removal

mentioned Ehrman's residency is immaterial to our analysis. Cox did not have to explain why it believed Ehrman or the putative class members were citizens of California. As we explained above, a defendant's allegations of citizenship may be based solely on information and belief. *See Carolina Cas.*, 741 F.3d at 1087. Because Cox provided a short and plain statement alleging that Ehrman and the putative class members were citizens of California, its jurisdictional allegations were sufficient—at least in the absence of a factual or as-applied challenge.

The district court also erred by placing on Cox a burden to prove its jurisdictional allegations in response to Ehrman's facial challenge. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *see also Dart Cherokee*, 135 S. Ct. at 553 ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Because "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee*, 135 S. Ct. at 554, courts should be especially reluctant to *sua sponte* challenge a defendant's allegations of citizenship.

Ehrman did not factually challenge Cox's jurisdictional allegations. Instead, his motion to remand asserted a facial challenge to the legal adequacy of Cox's notice of removal. Such a challenge "accepts the truth of the [removing party's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).[1] Nor did the

---

[1] We note that, had Ehrman challenged the truth of the jurisdictional allegations in Cox's notice of removal, the district court should have

district court independently question Cox's allegations.[2] For these reasons, Cox should not have been required to present evidence in support of its allegation of minimal diversity. Accepting the truth of Cox's allegations, Ehrman "is a citizen of [California]," and "all purported class members are citizens of California."

In short, Cox alleged the parties' citizenships based on information and belief in its notice of removal. And, because Ehrman asserted a facial, rather than a factual or as-applied, challenge to the notice of removal, those allegations were sufficient. *See NewGen*, 840 F.3d at 614. No evidence was required.

We conclude by clarifying the scope of our decision. Although the district court focused much of its analysis on the question of whether allegations of a party's residency constitutes prima facie evidence of that party's domicile, we need not address that issue today. *Cf. Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (noting that the Ninth Circuit has not yet addressed whether "a person's residence [is] prima facie evidence of the person's domicile"). Because Ehrman did not factually challenge Cox's jurisdictional allegations, Cox did not need to provide evidence of either Ehrman's or the purported class members' citizenship. We hold only that Cox's jurisdictional

---

permitted jurisdictional discovery had Cox requested it. *See Laub v. U.S. Dep't. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[D]iscovery should be granted when . . . the jurisdictional facts are contested or more facts are needed.").

[2] Indeed, the district court acknowledged that it would be "inconceivable" that neither Ehrman nor any of the 832,000 purported class members, all of whom subscribed to residential internet service in California, were citizens of California.

allegations, which provided a short and plain statement of the parties' citizenships based on information and belief, satisfied Cox's burden of pleading minimal diversity.

## CONCLUSION

Congress enacted CAFA to "*facilitate* adjudication of certain class actions in federal court." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added). In keeping with that purpose, we require removing defendants to provide only a short and plain statement of the grounds for removal. And when a defendant's allegations of citizenship are unchallenged, nothing more is required.

By holding that Cox's jurisdictional allegations fell short, and by requiring Cox to support those allegations with evidence in response to only a facial—not a factual or as-applied—challenge, the district court misconstrued CAFA's pleading requirements. We therefore reverse the district court's grant of Ehrman's motion to remand.

**REVERSED AND REMANDED.**