**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID G. FAULK; BONNIE J. FAULK, | No. 24-4078 |
| *Plaintiffs - Appellants*, | D.C. No. 3:22-cv-00171-SLG |
| v. | |
| JELD-WEN, INC., doing business as Pozzi Window Company; SPENARD BUILDERS SUPPLY, LLC; RODERICK C. WENDT, | OPINION |
| *Defendants - Appellees*. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Argued and Submitted August 15, 2025
Anchorage, Alaska

Filed November 14, 2025

Before: Susan P. Graber, John B. Owens, and Ryan D. Nelson, Circuit Judges.

Opinion by Judge R. Nelson

# SUMMARY[*]

## Removal / Class Action Fairness Act

The panel vacated the district court's order dismissing a second amended complaint with prejudice, and remanded with instructions to remand the case to state court unless defendants establish another basis for federal jurisdiction.

Plaintiffs amended their complaint to remove all class allegations. The district court denied their motion to remand because this Court's precedent suggested that post-removal amendments to class action complaints, amending the nature of the claims, did not undermine federal jurisdiction.

Under *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), the panel held that jurisdiction is lacking when a plaintiff amends her complaint post-removal and excises the class action allegations that had provided the sole basis for subject matter jurisdiction. This Court's prior precedent, holding that diversity jurisdiction under the Class Action Fairness Act (CAFA) is determined only at the time of removal, is clearly irreconcilable with *Royal Canin*.

The panel concluded that under *Royal Canin*, there was no subject matter jurisdiction over plaintiffs' Second Amended Complaint. With plaintiffs' excision of their class action allegations, there was no longer minimal diversity under CAFA. Because plaintiffs, an Alaska couple, also sued Spenard Builders Supply, LLC, an Alaska corporation,

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

complete diversity was lacking. With no diversity or federal question jurisdiction, no "original jurisdiction" remained.

---

**COUNSEL**

Michelle S. Nesbett (argued) and David K. Gross, Birch Horton Bittner & Cherot, Anchorage, Alaska, for Plaintiffs-Appellants.

Richard N. Sieving (argued), The Sieving Law Firm APC, Sacramento, California; Jennifer M. Coughlin, Landye Bennett Blumstein LLP, Anchorage, Alaska; James S. Nolan (argued), Richmond & Quinn, Anchorage, Alaska; for Defendants-Appellees.

## OPINION

R. NELSON, Circuit Judge:

David and Bonnie Faulk, an Alaskan couple, brought a class action in state court alleging state-law claims against an Alaska and a Delaware corporation. Defendants removed the case to federal court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

The Faulks amended their complaint to remove all class action allegations. The district court denied their motion to remand because our precedent suggested that post-removal amendments to class action complaints, amending the nature of the claims, do not undermine federal jurisdiction. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017). After *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), that is no longer true. "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Id.* at 30.

We recently recognized that *Royal Canin* overruled our prior precedent holding that post-removal amendments do not undermine federal jurisdiction. *See Walker v. State of Arizona*, --- F.4th ----, No. 24-1806, 2025 WL 2970598, at *4 (9th Cir. Oct. 22, 2025) (recognizing that *Royal Canin* overruled *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998)). *Royal Canin*'s rule also governs when a plaintiff amends their class complaint and excises the claims necessary for CAFA's minimal diversity standards to apply. Our precedent holding otherwise is overruled by *Royal Canin*. Accordingly, we vacate the district court's order dismissing the Second Amended Complaint with prejudice, and remand

with instructions to remand to state court unless another basis for federal jurisdiction is established.

I

Appellants David and Bonnie Faulk bought more than one hundred windows manufactured by JELD-WEN from Spenard Builders Supply for their custom-built home.  The Faulks allege that the windows were defective in breach of an oral warranty.

The Faulks brought a class action against Defendants Spenard and JELD-WEN in Alaska state court, alleging state-law claims.  The Faulks are Alaska citizens and residents.  Spenard is incorporated in Alaska and JELD-WEN in Delaware.  Defendants removed the case to federal court under CAFA.  *See* 28 U.S.C. § 1332(d)(2).

As relevant to this appeal, the Faulks sought to remand the action to state court and to file a second amended complaint (SAC), which removed the class action allegations.  The Faulks argued that the removal of those allegations "should be relevant for the Court's CAFA analysis or otherwise provide independent grounds for divesting jurisdiction."

The district court noted that the Faulks' "procedural move reek[ed] of forum manipulation" to the extent they sought "to destroy federal jurisdiction by eliminating the class aspect of this action."  *Faulk v. JELD-WEN, Inc.*, No. 3:22-CV-00171-JMK, 2023 WL 7321584, at *2 (D. Alaska Nov. 7, 2023).  But it declared that "jurisdiction is determined at the time of removal."  *Id.* (citing *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010)).  Therefore, "[a]s

*Broadway Grill* made clear, post-removal amendments to narrow (or eliminate) a class does not destroy CAFA jurisdiction." *Id.* (citation omitted). Relying on our precedent that protected federal jurisdiction after post-removal amendment, the district court granted "leave to amend to eliminate the class allegations" because, if the Faulks "no longer wish to bring a class action, they should not be forced to." *Id.* at *2–*3. But the district court also denied the Faulks' renewed motion to remand as moot, because it had already ruled that remand was inappropriate under the original complaint. *Id.* at *2. The Faulks then filed a class-action-free SAC with only state-law claims.

The district court ultimately dismissed the SAC with prejudice. Most of the claims were time-barred, and one was insufficiently pled. This timely appeal followed.

## II

We have an independent obligation to assure ourselves of jurisdiction. *See West v. United States*, 853 F.3d 520, 522 (9th Cir. 2017). Under *Royal Canin*, we conclude that we lack jurisdiction when a plaintiff amends her complaint post-removal and excises the class action allegations that had provided the sole basis for subject matter jurisdiction.

## III

To adjudicate a case, a federal court must ensure that both constitutional and statutory jurisdiction are satisfied. *See Royal Canin*, 604 U.S. at 26. This case is about the latter requirement, also known as "subject matter jurisdiction." *E.g.*, *id.* at 28.

Our subject matter jurisdiction over a claim is generally satisfied in one of two ways. The first, known as "federal question jurisdiction," *e.g.*, *Wander v. Kaus*, 304 F.3d 856,

858 (9th Cir. 2002), is to bring a "civil action[] arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. The second, known as "diversity jurisdiction," *e.g.*, *Royal Canin*, 604 U.S. at 37, is to bring a civil action satisfying diversity-of-citizenship, amount-in-controversy, and other requirements, *see* 28 U.S.C. § 1332.

Different degrees of diversity are required to establish different kinds of jurisdiction. Normally, we need what is called "complete diversity" of citizenship, which means that no plaintiff can share citizenship with any defendant. *E.g.*, *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016). That is not true for class actions under CAFA, in which diversity of citizenship may be satisfied if, for example, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Such a requirement is known as "minimal diversity" and is satisfied if any class member has a citizenship different from *any* defendant. *E.g.*, *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (citation omitted).

This case raises the question of when we determine whether the requirements for diversity jurisdiction are satisfied. Should we assess whether diversity jurisdiction exists based on the complaint at the time of removal? Or should we look instead to a post-removal amended complaint? Our existing precedent instructs us to do the former. *See Broadway Grill*, 856 F.3d at 1279. We have held that "citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal." *Id.*

Earlier this year, the Supreme Court decided *Royal Canin*. The Court recognized that a plaintiff is "'master of

the complaint,' and therefore controls much about her suit[,] . . . extend[ing] beyond the time her first complaint is filed." *Royal Canin*, 604 U.S. at 35 (citation omitted). When a plaintiff removes the basis for federal jurisdiction from her complaint, that plaintiff "alter[s] a federal court's authority." *Id.* at 39. So when "any federal anchor" supporting jurisdiction is "gone, . . . jurisdiction over the residual state claims disappears as well." *Id.*

We have since held that *Royal Canin* abrogated our precedent holding that "the availability of supplemental jurisdiction depended on the allegations in the complaint at the time of removal, and that subsequent amendments did not eliminate the district court's ability to exercise supplemental jurisdiction." *Walker*, --- F.4th ----, 2025 WL 2970598, at *4. Now we must determine whether our prior precedent involving class claims under CAFA remains good law. Our precedent holding that diversity jurisdiction under CAFA is determined solely at the time of removal is clearly irreconcilable with *Royal Canin*.

### A

Under our prior precedent, the district court correctly held that it had jurisdiction even after the Faulks excised the class action allegations from their complaint. The post-removal amendment is important because the class action allegations provided the sole basis for federal jurisdiction under CAFA.

The district court had subject matter jurisdiction under CAFA at the time of removal. Minimal diversity was satisfied because the Faulks are Alaska citizens and JELD-WEN is incorporated in Delaware. *See* 28 U.S.C. § 1332(d)(2)(A); *see also Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017). The complaint at

the time of removal also satisfied CAFA's other requirements. *See* 28 U.S.C. § 1332(d)(2)–(6).

But, while this appeal was pending, the Supreme Court decided *Royal Canin*, in which a plaintiff who initially brought state and federal claims in state court amended her complaint to remove all federal claims. *See* 604 U.S. at 28–29. The Court held that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims." *Id.* at 25–26. In those instances, "[t]he case must therefore return to state court." *Id.* We have considered how *Royal Canin* applies in regard to supplemental jurisdiction. *Walker*, --- F.4th ----, 2025 WL 2970598, at *15–17. Here, we must consider the effect of *Royal Canin* on our prior precedent regarding diversity jurisdiction in CAFA cases, namely *Broadway Grill* and *United Steel*.[1] As a three-judge panel, we must adhere to circuit precedent unless that precedent "is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). If that standard is met, "a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled." *Id.*

---

[1] Following *Royal Canin*, we briefly discussed the importance of looking to the operative complaint in the CAFA context. *See Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1180–81 (9th Cir. 2025). *Rosenwald* involved what was largely a fact-driven inquiry about a proposed amended complaint in an action originally filed in federal court where the amendments affected only the amount in controversy. *See infra* n.3. As a result, the *Rosenwald* panel distinguished *Broadway Grill*, which is about whether to remand a removed case when a post-removal amendment excises the basis for jurisdiction under CAFA. 152 F.4th at 1181.

*Royal Canin* and *Walker* instruct us to look to the operative complaint, including any post-removal amendments, when determining jurisdiction. And if the federal jurisdictional hook is excised from the complaint by post-removal amendment, subject matter jurisdiction is lacking, and the case should be remanded.

Although those cases addressed supplemental jurisdiction, their logic applies to diversity jurisdiction under CAFA as well. *Royal Canin* was driven in part by the text of 28 U.S.C. § 1367, which extends supplemental jurisdiction to "any civil action of which the district courts have original jurisdiction." And CAFA confers original jurisdiction over civil actions meeting certain requirements. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action [meeting CAFA's requirements]."). Because "[t]he plaintiff is 'the master of the complaint,'" "[s]he gets to determine which substantive claims to bring against which defendants." *Royal Canin*, 604 U.S. at 35 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). "And in so doing, she can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Id.*

## B

Some of our relevant caselaw is "clearly irreconcilable with the reasoning or theory of" *Royal Canin*. *Miller*, 335 F.3d at 893. Not all of it though. With some caveats, *see infra* n.2, *Royal Canin* overrules our precedent holding that federal jurisdiction is based on the complaint at the time of removal. *See Walker*, --- F.4th ----, 2025 WL 2970598, at *15. This case was removed under CAFA based on minimal diversity, but complete diversity was lacking. In that scenario, federal jurisdiction is extinguished by the excision

of the class allegations, as minimal diversity no longer satisfies the diversity requirement.

Some of *Broadway Grill*'s dicta and holdings irreconcilably conflict with *Royal Canin*. We made broad statements about CAFA: The legislative history revealed that CAFA prevented "amendment[s] changing the nature of the class to divest the federal court of jurisdiction" and that "post-removal amendments cannot affect jurisdiction." *Broadway Grill*, 856 F.3d at 1278–79. Further, after surveying out-of-circuit precedent warning against forum manipulation, we stated that "plaintiffs' attempts to amend a complaint after removal to eliminate federal jurisdiction are doomed to failure." *Id.* at 1277. So we held that "citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal." *Id.* at 1279.

That reasoning and those holdings from *Broadway Grill* are clearly irreconcilable with *Royal Canin*, which holds that a plaintiff may extinguish jurisdiction through post-removal amendments, 604 U.S. at 35.

Nor may we rely on forum-manipulation concerns to maintain federal jurisdiction. Consider the Supreme Court's discussion in *Royal Canin* of *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007). In a footnote in *Rockwell*, the Court suggested that "forum-manipulation concerns . . . do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Id.* at 474 n.6. Although the Court in *Royal Canin* was understanding of courts relying on the footnote—"[w]e do not at all fault any court that relied on the *Rockwell* footnote to find jurisdiction in a case like this one"—it rejected *Rockwell* footnote six. 604 U.S. at 43 & n.10. The footnote

was "beside the point" and "dictum." *Id.* at 42. It was "barely reasoned" and put "policy-based concerns," which themselves were ill reasoned, over the text of § 1367. *Id.* at 42, 42 n.9. Therefore, the "forum-manipulation benefit of the *Rockwell* footnote's approach to removed federal-question cases is likely quite marginal." *Id.* at 42 n.9. "As the master of his complaint, [the plaintiff] can decide what claims to present and in what forum to litigate." *Walker,* --- F.4th ----, 2025 WL 2970598, at *8.

Accordingly, *Broadway Grill*'s holding that the complaint at the time of removal "remained the only one which should have been considered for determining the existence of minimal diversity," 856 F.3d at 1279, conflicts directly with *Royal Canin*. So too its reasoning regarding CAFA's legislative history and its discussion of out-of-circuit practices. *Id.* at 1277–79. That holding and reasoning, at a minimum, conflict with the logic and reasoning of *Royal Canin* and are no longer good law.**[2]** We

---

[2] *Royal Canin* does not entirely overrule *Broadway Grill*, which also limited the types of amendments district courts should permit in the CAFA context. *See Broadway Grill*, 856 F.3d at 1277–78 (narrowing amendments permitted after *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111 (9th Cir. 2015)). Nor do we pass judgment on our CAFA caselaw which concludes that denial of class certification does not immediately deprive a district court of CAFA jurisdiction. *See, e.g.*, *United Steel*, 602 F.3d at 1091–92. Those rules appear to govern what can be done within a complaint putting forth class allegations, rather than to deny a plaintiff the right to remove parties or causes of action. Whether *Royal Canin* affects those holdings is not before us. *Cf. Royal Canin*, 604 U.S. at 38 n.8 (stating that the rule of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289–93 (1938)—that "an amendment reducing the alleged amount-in-controversy to below the statutory threshold . . . will usually not destroy diversity jurisdiction"—was "inapposite" to the question presented "by virtue of its subject and function alike").

do not fault the district court for its reliance on then-existing precedent.  But *Royal Canin* requires us to overrule our prior precedent.

C

Under *Royal Canin*, there is no subject matter jurisdiction over the Faulks' SAC.  With the Faulks' excision of their class action allegations, we can no longer rely on minimal diversity under CAFA.  *See* 28 U.S.C. § 1332(d)(2).  Because the Faulks, an Alaska couple, also sued Spenard, an Alaska corporation, complete diversity is lacking.  *See id.* § 1332(a)(1).  With no diversity or federal question jurisdiction, no "original jurisdiction" remains.  Without another basis for federal jurisdiction, "[t]he case must therefore return to state court."  *Royal Canin*, 604 U.S. at 26.[3]

Put another way, the Faulks are masters of their complaint.  *See Royal Canin*, 604 U.S. at 35; *Walker*, --- F.4th ----, 2025 WL 2970598, at *8.  They sacrificed a litigation advantage by excising their class action allegations.  With that currency, they appear to have purchased a remand to state court.  *Royal Canin* requires that we accept the exchange.  We leave it to the district court to determine whether it is appropriate to entertain Spenard's

---

[3] The district court cases that Defendants cite do not persuade us otherwise.  *E.g.*, *Nichols v. 300 M St. Dev. Grp.*, 783 F. Supp. 3d 273, 277–78 (D.D.C. 2025).  They do not answer the question before us: Whether *Royal Canin* conflicts with maintaining jurisdiction over state-law claims after CAFA allegations are excised from a complaint and the requirements of diversity jurisdiction are left unsatisfied.  Nor do we take a side on whether federal jurisdiction remains where the amendment of class allegations only alters the amount in controversy.  *See Rosenwald*, 152 F.4th at 1181 (pointing out the amount-in-controversy "exception to the rule" from *Royal Canin*).

fraudulent joinder claim, raised for the first time at oral argument.

## IV

Under *Royal Canin*, federal subject matter jurisdiction is lacking.    Accordingly, we vacate and remand with instructions for the district court to remand to state court, unless Defendants establish another basis for federal subject matter jurisdiction.

**VACATED and REMANDED with instructions.**

Appellants shall recover their costs on appeal.